# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THE OHIO CASUALTY INSURANCE COMPANY, an Ohio corporation,<br><br>    Plaintiff,<br><br>  vs.<br><br>BIOTECH PHARMACY, INC., a New Mexico corporation; BIODOSE LLC, a Nevada limited liability company; CARDINAL HEALTH 414, INC., a Delaware corporation,<br><br>    Defendants.<br>_____<br>BIOTECH PHARMACY, INC., a New Mexico corporation; BIODOSE LLC, a Nevada limited liability company,<br><br>    Counterclaimants,<br><br>  vs.<br><br>THE OHIO CASUALTY INSURANCE COMPANY, an Ohio corporation,<br><br>    Counterdefendant. | Case No.: 2:05-cv-1214-RLH-PAL<br><br>**O R D E R**<br><br>(Motion for Partial Summary Judgment–#80;<br>Motion for Reconsideration–#83) |

    Before the Court is Defendants/Counterclaimants Biotech Pharmacy, Inc. and BioDose LLC's (collectively "Biotech," and individually "Biotech Pharmacy" and "BioDose" respectively) **Motion for Partial Summary Judgment** (#80) and accompanying documents (##81–82), filed January 31, 2008.  The Court has also considered Plaintiff/Counterdefendant The Ohio Casualty Insurance Company's ("Ohio Casualty") Opposition (#84) and accompanying documents (##85–86), filed February 15, 2008, and Biotech's Reply (#95) and accompanying document (#97), filed February 26, 2008.

1

Also before the Court is Biotech's **Motion Under Fed. R. Civ. P. Rules 59 and 60 for Reconsideration** (#83), filed February 4, 2008. The Court has also considered Ohio Casualty's Opposition (#91) and accompanying documents (##93–94), filed February 22, 2008, and Biotech's Reply (#100), filed March 7, 2008.

## BACKGROUND

In its prior Order (#79), denying Biotech's Motion for Partial Summary Judgment (#44), the Court held that Texas law governs the interpretation of Ohio Casualty's commercial general liability insurance contract ("Policy") with Biotech. The Court further held that it could not, as a matter of law, find that the Policy's advertising provision provides coverage. Instead, it found adequate cause to deny the motion under Fed. R. Civ. P. 56(f), because Ohio Casualty had not had the opportunity to conduct discovery.

In response, Biotech filed another Motion for Partial Summary Judgment (#80), as well as a Motion for Reconsideration (#83) of the Court's Order. The Motion for Partial Summary Judgment asks the Court to find that there is no right to reimbursement of defense costs under Texas law. The Motion for Reconsideration asks the Court to find that Texas law does not permit the use of extrinsic evidence in the coverage determination, and as a result, the Court's prior Order permitting discovery is inappropriate.

For the reasons discussed below, the Court finds that Texas law does not permit Ohio Casualty to seek reimbursement of defense costs against Biotech Pharmacy. Consequently, the Court finds that Biotech's Motion for Reconsideration is moot.

## DISCUSSION

Biotech's Motion for Summary Judgment asks the Court to decide the purely legal question of whether "an insurer [is] entitled to reimbursement under Texas law of defense expenses paid absent an express provision in the insurance contract permitting reimbursement." (Defs.' Mot. for Partial Summ. J. 1:6–8.) *See generally* Michael M. Marick, *An Insurer's Right to Recoup Non-Covered Defense Costs and Indemnity Payments*, New Appleman on Insurance:

Current Critical Issues in Insurance Law 1 (July 2007). The Court recognizes that the Texas Supreme Court has not directly addressed this issue, but its opinions in *Texas Association of Counties County Governmentt Risk Management Pool v. Matagorda County*, 52 S.W.3d 128 (Tex. 2000), and *Excess Underwriters at Lloyd's, London v. Frank's Casing Crew & Rental Tools*, No. 02-0730, — S.W.3d —, 2008 WL 274878, 2008 Tex. LEXIS 92 (Tex. Feb. 1, 2008), lead this Court to predict that Texas would not permit reimbursement of defense expenses absent an express provision in the insurance contract or the express agreement of the Parties. *See In re Bartoni-Corsi Produce, Inc.*, 130 F.3d 857 (9th Cir. 1997) (when interpreting state law, a federal court is bound by the decisions of the state's highest court, and in the absence of such a decision, the court must predict how the state's highest court would decide the issue).[1]

In *Matagorda*, the Texas Supreme Court addressed the related issue of whether an insurer can seek reimbursement of settlement costs for an uncovered claim. *Matagorda*, 52 S.W.3d at 129. In considering the issue, the *Matagorda* court examined, first, whether the insured consented to reimburse the insurer based on a unilateral reservation-of-rights letter and, second, whether the law imposed an equitable reimbursement obligation on the insured. *Id.* at 131. On the first question, the court cited *Shoshone First Bank v. Pac. Employers Ins. Co.*, 2 P.3d 510, 515–16 (Wyo. 2000) for the proposition that "a unilateral reservation-of-rights letter cannot create rights not contained in the insurance policy." *Matagorda*, 52 S.W.3d at 131. The citation to *Shoshone* is especially significant because in that case, the Wyoming Supreme Court held that a unilateral reservation of rights letter could not create a right for an insurer to seek reimbursement of defense costs—the precise issue in this case. *See id.* Significantly, the *Matagorda* court felt that "[i]t would have been a simple matter for [the insurer] to state in the policy that it could seek reimbursement . . . if it is later determined that the policy does not provide coverage." *Id.*

---

[1] The Court notes that the Texas Supreme Court is only authorized to accept certified questions of state law from federal appellate courts, and not federal district courts. *PYR Energy Corp. v. Samson Res. Co.*, 470 F. Supp. 2d 709, 713 n.7 (E.D. Tex. 2007) (citing Tex. R. App. P. 58.1).

3

1    On the second question, concerning an equitable right to reimbursement, the *Matagorda* court rejected the insurer's claims to recovery under the theories of quantum meruit and unjust enrichment. *Id.* at 134. The court agreed with other courts that "have generally opted to recognize a reimbursement right only if the insured has authorized the settlement and agreed to reimburse the insurer should the insurer prevail on its coverage defense." *Id.* It felt that "[o]n balance, insurers are better positioned to handle this risk, either by drafting policies to specifically provide for reimbursement or by accounting for the possibility that they may occasionally pay uncovered claims in their rate structure." *Id.* at 136. As support for its view, the court again cited to *Shoshone* for the proposition that "[t]he question as to whether there is a duty to defend an insured is a difficult one, but because that is the business of an insurance carrier, it is the insurance carrier's duty to make that decision." *Id.* (quoting *Shoshone*, 2 P.3d at 516).

Moreover in *Frank's Casing*, the Texas Supreme Court reiterated its holding in *Matagorda* and refused to create an exception for excess coverage. It stated, "In Texas, an insurer that settles a claim against its insured when coverage is disputed may seek reimbursement from the insured should coverage later be determined not to exist if the insurer 'obtains the insured's clear and unequivocal consent to the settlement and the insured's right to seek reimbursement." *Frank's Casing*, — S.W.3d —, 2008 WL at *1, 2008 Tex. LEXIS at *1 (quoting *Matagorda*, 52 S.W.3d at 135). The court felt that the fact that insured had no duty to defend under the policy did not alleviate the concerns that drove its decision in *Matagorda*. *Id.*

As such, this Court predicts that the Texas Supreme Court would find that there is no right to reimbursement of defense costs when the insured has not agreed to reimbursement either in the policy itself or in a separate agreement. The Court is especially swayed by the *Matagorda* Court's adoption of the *Shoshone* reasoning given that *Shoshone* dealt with this precise issue. Here, the policy does not contain a reimbursement clause and Biotech Pharmacy never consented to reimbursement of defense costs. In addition, Ohio Casualty's unilateral reservation-of-rights letter cannot unilaterally alter this relationship between the Parties. Consequently, the

Court finds that Ohio Casualty cannot seek reimbursement of defense costs it expended in defense of Biotech Pharmacy, even if there was no coverage under the policy.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion for Partial Summary Judgment (#80) is GRANTED.

IT IS FURTHER ORDERED that Defendants' Motion for Reconsideration (#83) is DENIED as moot.

Dated: April 2, 2008.

_____
ROGER L. HUNT
**Chief United States District Judge**

AO 72
(Rev. 8/82)

5